## RIGHTS IN A PARTIALLY VACATED STREET.

Circuit Court of Cuyahoga County.

ELIZABETH S. CAMPBELL V. CHAS. F. M. MITCHELL AND
HARRY CRABTREE.

Decided, November 13, 1911.

*Vacation of Street—Abutter's Rights.*

When the easterly 25 feet of a 40 foot street is vacated, 20 feet only
of the vacated portion accrues to the owner abutting upon the
easterly side of the street and such owner has no further rights
in the westerly, unvacated, 15 feet of the street.

*D. R. Mook,* for plaintiff in error.
*C. G. Reynolds,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

Opening into the north side of Superior avenue in the city of
Cleveland, and lying parallel to and between East 80th street
and East 81st street, there formerly existed a dead end street,
forty feet wide, called Grafton avenue, which was dedicated and
accepted as such when L. Breckenridge allotted this territory
in 1872. The plaintiff owns a lot extending from Grafton ave-
nue west to East 80th street, and the defendants own lots fur-
ther north which extended from Grafton avenue east to East
81st street.

In 1900, the city council vacated the easterly twenty-five feet
of Grafton avenue, and the lot owners on that side fenced into
their own lots the land so vacated opposite thereto; but erected
no buildings west of the original meridian line of the street.

In 1905 the council vacated the remainder of Grafton ave-
nue, and plaintiff thereupon fenced into her lot the land so va-
cated opposite the same. This fence the defendants have torn
down, and they threaten and claim the right to continue tear-
ing it down as an obstruction to their right-of-way over what
was Grafton avenue to Superior avenue. They claim this
right as abutters on that part of Grafton avenue which remained

a public street after more than half of it had been vacated on their side.  But inasmuch as the accretion to their abutting lots from the first vacation could embrace no more than half the width of the original street, and since their lots, including such accretion, no longer abutted on Grafton avenue, it follows that after said first vacation, they ceased to have any abutters' rights in the westerly fifteen feet thereof, and hence they have no right to interfere with plaintiff's fence.  Whatever way of necessity or right remained to the easterly lot owners might have been amply and equitably satisfied out of the middle ten feet of the original street, and for aught we know, may yet be.  The defendants are, and the plaintiff is not, inclosing or claiming the right to inclose said middle ten feet.

The defendants' further claim of right to prevent plaintiff from inclosing the westerly fifteen feet, finds no support in either the law or the equity of the matter.  An injunction will be allowed plaintiff as prayed for.